UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHANDELL HUDGINS | * | NO: |
| | * | |
| versus | * | DIV.: |
| | * | |
| WINN-DIXIE MONTGOMERY, LLC | * | MAG.: |
| And JOHN DOE | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:    Honorable Loretta G. Whyte
Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C151
New Orleans, LA  70130

Honorable Judge Rosemary Ledet
Civil District Court
Parish of Orleans
Section 15, Division B
Civil Court Building
421 Loyola Avenue, Suite 308
New Orleans, Louisiana 70112

Perry W. Manning, Sr.
Law Office of Perry W. Manning Sr.
5416 Veterans Boulevard, Suite 200
Metairie, Louisiana 70003

Defendant, Winn-Dixie Montgomery, LLC ("Winn-Dixie"), by and through the undersigned counsel, hereby gives notice of the removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the

Eastern District of Louisiana. In support of the Notice of Removal, Winn-Dixie avers as follows:

1. This suit was filed in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana by Chandell Hudgins against Winn-Dixie Montgomery, LLC on or about April 18, 2011.

2. Citation and a copy of the Petition for Damages were served on Winn-Dixie on April 29, 2011. To the best of Winn-Dixie's information and belief there are no other defendants in this case and no other defendant was served before Winn-Dixie.

3. The United States District Court for the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

4. This removal has been timely filed within thirty (30) days of the removing defendant receiving notice that the amount in controversy exceeds this Court's jurisdictional threshold and within one (1) year after the commencement of the action, as allowed by 28 U.S.C. § 1446(b).

5. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Winn-Dixie in this suit is attached hereto as Exhibit "A."

### I. DIVERSITY OF CITIZENSHIP JURISDICTION

7. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Upon information and belief, at the time of filing the Petition for Damages, Plaintiff, Chandell Hudgins was a person of the full age of majority residing in St. John the Baptist Parish, Louisiana and therefore a citizen of the state of Louisiana.

9. Winn-Dixie Montgomery, LLC is a foreign limited liability company, organized under the laws of the state of Florida and with its principal place of business in Jacksonville, Florida. Winn-Dixie is therefore a citizen of the State of Florida.

10. The only other defendant in this case is the fictitiously named defendant, John Doe. Although the Petition alleges that John Doe is a resident of Jefferson Parish, Louisiana and therefore a Louisiana citizen there is no way to verify that is indeed the case and John Doe has not been more specifically identified or served in this matter. The Court should therefore ignore the citizenship of the fictitiously named defendant for purposes of diversity of citizenship.

11. There is complete diversity of citizenship among the properly joined parties in this action. Chandell Hudgins is, upon information and belief, a citizen of Louisiana and Winn-Dixie is a citizen of Florida.

## II.  AMOUNT IN CONTROVERSY

12. The Original Petition in this case did not identify an amount that the plaintiff demanded as a result of her injuries. That is probably the case because, under the Louisiana Code of Civil Procedure, no such demand is permitted in a plaintiff's petition.

13. As a result, Winn-Dixie was unable to determine whether the amount in controversy exceeded this Court's jurisdictional threshold when it was originally

served with the suit. The initial pleading, in this case the Petition for Damages, was not removable to this court on its face.

14. However, within the last thirty-days, Winn-Dixie has received another paper from the plaintiff's attorneys which has put it on notice that the suit is or has become removable to this Court.

15. On or about September 20, 2011, Winn-Dixie received a settlement demand totaling $150,000 from plaintiff's counsel. A copy of said demand is attached as Exhibit "B."

16. Winn-Dixie denies that its liability even approaches $150,000 in this case. However, based on the settlement demand that it has received, Winn-Dixie asserts that $150,000 represents the amount in controversy in this case by a preponderance of the evidence.

17. Given that information, Winn-Dixie asserts that, based upon a "preponderance of the evidence," the amount in controversy exceeds the jurisdictional amount of $75,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that, when the plaintiff does not allege a demand for a specific amount of damages, it is proper for the Court to consider extrinsic, summary judgment-type evidence relevant to the amount in controversy as of the time of removal).

18. Thus, this civil action is one in which the Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds $75,000 exclusive of interest and costs. Therefore this action may be properly removed to this Court under 28 U.S.C. § 1441.

19. As required by 28 U.S.C. §1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Civil District Court for Orleans Parish, State of Louisiana.

20. Under Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not intended for any improper purpose.

21. By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, and insufficiency of process.

**WHEREFORE,** Winn-Dixie Montgomery, LLC requests that this Court assume full jurisdiction over this case as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

Respectfully submitted:

/s Christopher R. Teske

CHRISTOPHER R. TESKE (NO. 27106)
GIEGER, LABORDE & LAPEROUSE
One Shell Square, Suite 4800
701 Po ydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Counsel for Defendant, Winn-Dixie Montgomery, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 13th day of October, 2011 served a copy of the foregoing **Notice of Removal** on

Perry W. Manning, Sr.
Law Office of Perry W. Manning Sr.
5416 Veterans Boulevard, Suite 200
Metairie, Louisiana 70003

by mailing the same by United States mail, properly addressed, and first class postage paid.

/s Christopher R. Teske
_____
CHRISTOPHER R. TESKE