CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 11-4143  DIVISION " "

CHANDELL HUDGINS

VERSUS

WINN-DIXIE MONTGOMERY, LLC, AND JOHN DOE

FILED: _____        _____
                                DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioner, Chandell Hudgins, an individual of the full age of majority, a resident and domiciliary of the Parish of St. John the Baptist, State of Louisiana, who, respectfully represents that:

1.

Made defendants herein are:

(a) Winn-Dixie Montgomery, LLC, a foreign limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana, having its registered office, principal business establishment and registered agent located in the Parish of Orleans, State of Louisiana.

(b) Jane Doe, a resident and domiciliary of the Parish of Jefferson, State of Louisiana, named fictitiously herein as a defendant, individually, and on behalf of her minor child.

2.

On or about December 9, 2010, at approximately 5:30 p.m., petitioner, Chandell Hudgins, was shopping at the Winn-Dixie Store # 1411, a store located in the Parish of Jefferson, State of Louisiana. After completing her transaction with Winn-Dixie, Ms. Hudgins walked towards the exit to leave the store.



3.

At the aforementioned time and place, as petitioner Chandell Hudgins was exiting the Winn-Dixie store, suddenly and without any warning, her feet slipped from beneath her, causing her to violently fall onto the concrete walkway.

4.

As petitioner, Chandell Hudgins, was lying on the concrete walkway, she immediately realized that she had been seriously injured. While trying to understand what had just happened to her, Ms. Hudgins noticed the presence of an oily substance on the ground, a substance believed to have been olive oil, as well as shards of glass from what appeared to have been a broken bottle.

5.

Upon information and belief, defendant, Jane Doe and her minor child were at the same Winn-Dixie Store No. 1411 and had exited the store at some point before petitioner, Chandell Hudgins. Upon information and belief, the minor child was carrying a Winn-Dixie bag that contained various grocery items, including a glass bottle of oil. The bottle of oil apparently fell through the grocery bag and/or was dropped by the minor child and broke on the concrete walkway.

6.

Despite an acknowledgement by representatives of the defendant, Winn-Dixie Montgomery, LLC, that a videotape exist showing the entire sequence of events occurring prior to, during, and after the petitioners violent slip and fall, defendant, Winn-Dixie, has refused to provide a copy of that videotape to your petitioner so that everyone involved could ascertain the factual circumstances surrounding the December 9, 2010 accident. Accordingly, petitioner reserves the right to supplement and amend the above factual circumstances to reflect information that is subsequently discovered by the petitioner, said information presently withheld by Winn-Dixie pursuant to its corporate policy to refuse cooperation with customers who are injured while shopping at a Winn-Dixie store.

7.

As a result of the aforesaid accident and negligence of the defendants, Winn-Dixie Montgomery, LLC and Jane Doe, petitioner, Chandell Hudgins, was caused to suffer severe, permanent and disabling injuries to the bones, ligaments, tendons, vessels, organs, muscles, nerves, tissue and structures of her body, including, but not limited to, a severe injury to her cervical and lumbar spine.

8.

In addition to the personal injuries referenced above, petitioner, Chandell Hudgins, has suffered and will suffer the following damages:

(a) Loss of quality of life;
(b) Physical pain and suffering (Past, present and future);
(c) Mental pain and suffering (Past, present and future);
(d) Past and future medical expenses;
(e) Physical rehabilitation expenses;
(f) Past and future lost wages and/or earning capacity;
(g) Any and all other damages to be shown at the trial of this matter.

9.

Petitioners show that the direct cause of the accident giving rise to this lawsuit, as well as the extensive damages suffered by your petitioners, was the negligence of the defendants, Winn-Dixie Montgomery, LLC and Jane Doe, in the following, but not limited to, respects:

### Negligence of Jane Doe

(a) Failing to supervise and/or monitor the actions of her minor child;
(b) Failure of the minor child to properly maintain control of the grocery bag so that items did not fall onto the ground;
(c) Failing to alert representative of Winn-Dixie to the presence of a broken bottle of oil;
(d) Failing to warn others and/or safeguard the area of walkway where the bottle of oil fell and broke;
(e) Failing to exercise the reasonable care that any reasonable person should exercise under the same or similar circumstances;

(f) Any and all other acts of negligence that might be established during the investigation and/or trial of this matter.

### Negligence of Winn-Dixie

(a) Failing to properly bag grocery items so that heavy items do not fall through the bags onto the ground;

(b) Failing to inspect the entrance/exit of its store for foreign/slippery substances on the ground;

(c) Failing to insure that its ground surfaces were free from slippery substances;

(d) Failing to warn others and/or safeguard the area of walkway where the bottle of oil fell and broke;

(e) Failing to exercise the reasonable care that any reasonable store personnel should exercise under the same or similar circumstances;

(f) Failure to take action to clean oily substances from its entrance/exit walkway;

(g) Failing to adequately clean oily substances and glass from the walkway leading into and exiting from its store after being put on notice that the dangerous condition exist;

(g) Any and all other acts of negligence that might be established during the investigation and/or trial of this matter.

10.

That defendant, Jane Doe, is the fictitiously named person who is the mother of the minor child who was carrying the grocery bag containing the bottle of oil that fell and broke on the walkway immediately outside the Winn-Dixie store. Petitioner, Chandell Hudgins, reserves the right to amend her petition at a future date as to fully and properly identify the individual concerned.

Wherefore, petitioner, Chandell Hudgins, prays that defendants be duly cited and served with a copy of this petition and, after all due proceedings are had, that there be judgment in the petitioner's favor and against the defendants, Winn-Dixie Montgomery, LLC and Jane Doe, for any and all reasonable and equitable damages for which she might be entitled, together with judicial interest from the date of demand until paid, and for all cost herein.

Respectfully Submitted:

**LAW OFFICE OF PERRY W. MANNING, SR.**

*[signature]*

PERRY W. MANNING, SR. (La. Bar No. 19693)
5416 Veterans Blvd., Suite 200
Metairie, Louisiana 70003
Telephone: 504-218-4673
Facsimile: 504-218-4714

**PLEASE SERVE:**
Winn-Dixie Montgomery, LLC
Through its agent for service
Corporate Creations Network, Inc.
1100 Poydras Street
Suite 2900
New Orleans, Louisiana 70163

A TRUE COPY
*[signature]*
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

FILED

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISANA

NO: 11-4143                                                          DIVISION "B"

### CHANDELL HUDGINS

### VERSUS

### WINN-DIXIE MONTGOMERY, LLC, AND JOHN DOE

FILED: _____        _____
                                                                      DEPUTY CLERK

*****************************************************************

### DEFENDANTS, WINN-DIXIE MONTGOMERY, LLC ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes the Defendant, Winn-Dixie Montgomery, LLC ("Winn-Dixie") and offers the following answer and affirmative defenses to the plaintiff's Petition for Damages:

I.

The unnumbered introductory paragraph of the Petition does not appear to require an answer from Winn-Dixie; however, to the extent that an answer is deemed necessary by the Court, Winn-Dixie denies all of the allegations contained therein.

II.

In response to paragraph 1(a) of the Petition, Winn-Dixie admits that it is a limited liability company organized under the laws of a state other than Louisiana and with its principal place of business in Jacksonville, Florida. Winn-Dixie also admits that it is authorized to do business in the state of Louisiana. In all other respects, Winn-Dixie denies the allegations of paragraph 1(a) of the petition.

Winn-Dixie asserts that the allegations of paragraph 1(b) of the Petition do not require an answer from Winn-Dixie; however, to the extent that an answer is deemed necessary by the Court, Winn-Dixie denies all of the allegations contained therein for lack of knowledge and information sufficient to support a belief in those assertions.

III.

Winn-Dixie denies the allegations of paragraph 2 of the Petition.

IV.

Winn-Dixie denies the allegations of paragraph 3 of the Petition.

V.

Winn-Dixie denies the allegations of paragraph 4 of the Petition.

VI.

Winn-Dixie denies the allegations of paragraph 5 of the Petition for lack of knowledge and information sufficient to support a belief therein.

VII.

In response to paragraph 6 of the Petition, Winn-Dixie admits that its surveillance cameras captured the accident and some of the events leading up to the alleged accident that forms the basis for this suit. Winn-Dixie is preparing a copy of the relevant video and will produce it in due courts in response to appropriate discovery. In all other respects, Winn-Dixie denies the allegations of paragraph 6 of the Petition.

VIII.

Winn-Dixie denies the allegations of paragraph 7 of the Petition.

IX.

Winn-Dixie denies the allegations of paragraph 8 of the Petition.

X.

Winn-Dixie denies the allegations of paragraph 9 of the Petition to the extent that they apply to Winn-Dixie.

XI.

Winn-Dixie denies the allegations of paragraph 10 of the Petition for lack of knowledge and information sufficient to justify a belief therein.

XII.

The unnumbered prayer for relief following paragraph 10 of the Petition does not appear to require an answer from Winn-Dixie; however, to the extent that an answer is deemed necessary by the Court, all of the allegations contained therein are denied.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING,** Winn-Dixie asserts the following affirmative defenses to the Plaintiff's Petition for Damages:

### FIRST DEFENSE

Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The damages of which Plaintiff complains were caused by the fault and/or negligence of a party or parties for whom Defendant is not responsible.

### THIRD DEFENSE

The damages of which Plaintiff complains were caused solely or in part by Plaintiff, Chandell Hudgins', own negligence, which negligence or fault operates as a bar to, or alternatively diminishes, reduces or offsets, Plaintiff's damages, if any, in accordance with the principles of comparative fault.

### FOURTH DEFENSE

Defendant avers that Plaintiff has failed to mitigate her damages, if any.

### FIFTH DEFENSE

The damages of which Plaintiff complains were caused by superceding and/or intervening causes.

### SIXTH DEFENSE

Defendant avers that if Plaintiff sustained any injuries whatsoever, which is denied, then some or all of the injuries claimed by Plaintiff in the above-captioned matter pre-existed the subject accident or were caused by other accidents or events either before or after the accident at issue in this case and Defendant is not liable for any pre-existing injuries or conditions.

### SEVENTH DEFENSE

Plaintiff's injuries, if any, are the result of Plaintiff, Chandell Hudgins', failure to see what she should have seen and observe her course to see if the pathway was clear.

### EIGHTH DEFENSE

Plaintiff's injuries, if any, are the result of a condition which Ms. Hudgins should have observed in the exercise of reasonable care or that was obvious to a visitor as it is to the owner. Specifically, Winn-Dixie asserts that if Ms. Hudgins had proceeded with reasonable care she

would have seen the spill and would also have seen Winn-Dixie personnel using reasonable care to clean up the spill. Ms. Hudgins' failure to use that care bars her recovery.

### NINTH DEFENSE

Defendant avers that the condition of the premises was not unreasonably dangerous at the time and place of the customer's alleged fall. That assertion is supported by the fact that no less than seven other people walked directly through the spill without falling before the plaintiff's accident.

### TENTH DEFENSE

Defendant further avers that the store to reasonable steps to correct the hazardous condition that allegedly caused the Plaintiff's injuries and damages before her accident.

### THIRTEENTH DEFENSE

Defendant specifically reserves the right to file and present other and further affirmative defenses after further discovery and investigation herein.

### JURY DEMAND

Winn-Dixie is entitled to and hereby demand a trial by jury on all issues raised in the Plaintiff's Petition for Damages that are so triable.

**WHEREFORE**, defendant, Winn-Dixie prays that its answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment herein in their favor and against plaintiff, Chandell Hudgins, dismissing plaintiff's demands at her sole cost and for such further legal and equitable relief as the nature of the case may permit.

Respectfully submitted,

CHRISTOPHER R. TESKE (NO. 27106)
GIEGER, LABORDE & LAPEROUSE
One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Counsel for Defendant, Winn-Dixie Montgomery, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed on this 11th day of May, 2011.

CHRISTOPHER R. TESKE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISANA

NO: 11-4143                                DIVISION "B"

**CHANDELL HUDGINS**

**VERSUS**

**WINN-DIXIE MONTGOMERY, LLC,
AND JOHN DOE**

FILED: _____      _____
                                                  DEPUTY CLERK

------------------------------------------------------------

## REQUEST FOR NOTICE

Pursuant to article 1572 of the Louisiana Code of Civil Procedure, Defendant, Winn-Dixie Montgomery, LLC hereby requests written notice of the date set for trial of the above numbered and entitled cause, and of the date set for the hearing or trial of any pleadings or motions herein, be forwarded to its undersigned counsel of record at least ten (10) days before any trial or hearing date.

Winn-Dixie Montgomery, LLC also requests notice of the signing of any final judgment or of the rendition of any interlocutory orders or judgments in said cause as provided by articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

_____
CHRISTOPHER R. TESKE (NO. 27106)
GIEGER, LABORDE & LAPEROUSE
One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Counsel for Defendant, Winn-Dixie Montgomery, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed on this 11th day of May, 2011.

*[signature]*
CHRISTOPHER R. TESKE